OPINION
Donald Bates appeals from the judgment of the Clark County Common Pleas Court which revoked Bates' probation.
Bates was convicted of felonious assault on April 9, 1991. Bates was sentenced to an indefinite term of 8-15 years in the Ohio State Reformatory. On December 1991, the trial court denied Bates' request for shock probation filed pursuant to R.C. 2947.061. The docket and journal entries reflect that the trial court granted Bates' request that the trial court reconsider its previous judgment denying shock probation. The docket reflects that the trial court granted shock probation on June 22, 1995 and placed the defendant on probation for a two year period.
On August 14, 1996, David Ellinger, a probation officer for Clark County filed an affidavit with the court alleging that Bates violated the terms of his probation.
The record reflects that the trial court continued the defendant's probation for an additional six months period when Bates' admitted that he had violated the terms of his probation. (Tr. 7 of August 19, 1996 hearing).
On December 3, 1997, Ellinger filed an affidavit with the trial court stating that Bates violated two probationary rules relating to restitution and reporting to his probation officer. The defendant was ordered to appear to answer the charge of probation violations.
On June 22, 1998, the trial court revoked the defendant's probation upon his admission of the probation violations. On March 18, 1999, the trial court entered a "nunc pro tunc" entry reflecting that the defendant's probation had been extended by the trial court for an additional six month period on August 19, 1996., Appellant raises three assignments of error. In the first appellant contends the trial court lacked subject matter jurisdiction to revoke his probation because the violations occurred after appellant's probation terminated on June 22, 1997.
This assignment of error must be overruled. The transcript of the August 19, 1996 revocation hearing demonstrates that the trial court denied the State's request to revoke the defendant's probation but extended the defendant's original probationary period for an additional six month period or until December 22, 1997. The trial court did not journalize that extension until the "nunc pro tunc" entry of March 18, 1999. The defendant's violations occurred during that extended six month period.
In the second assignment, Bates contends he did not "knowingly enter a plea in that he was not aware of the situation regarding the lack of an entry extending his probation." This assignment is confusing. The defendant's guilty plea in the domestic violence case is not presently before us. The probation revocation hearing was conducted in full compliance with Crim. R. 32.3.
The defendant admitted that he understood that his sentence for the felonious assault could be "reimposed" by admitting that he had violated the terms of his probation. Neither the defendant nor his counsel raised any suggestion that the trial court had not properly extended the defendant's probation for the additional six month period. The defendant's admission to the probation violations was knowingly and voluntarily entered with the advice of counsel. The second assignment of error is likewise overruled.
The appellant's third assignment of error alleging ineffectiveness of counsel must similarly be overruled. Having found the "nunc pro tunc" order to be effective to extend the defendant's probation, counsel was not ineffective in not challenging the court's order revoking the defendant's probation.
The judgment of the trial court is Affirmed.
 ____________________ BROGAN, J.
WOLFF, J., and YOUNG, J., concur.